82,101-04,05,06

CAUSE NOS.

F-2011-2619-E, 2620-E & 2621-E

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 23 2015
Abel Acosta, Clerk

EXPARTE

V.

THE STATE OF TEXAS

IN THE COURT OF
CRIMINAL APPEALS
AUSTIN, TEXAS

---

## REJOINDER TO STATE'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT.

COMES NOW, JAMES BRADLEY RIEMER, TO RESPECTFULLY SHOW THIS COURT THE FOLLOWING;

THE STATE IN IT'S ANSWER TO RIEMER'S VALID AND REASONABLE CLAIMS, THAT HE CITED NON-HELPFUL AND NON-TEXAS CASES THAT DO NOT SURFICE TO SUPPLY "EVIDENCE." RIEMER WOULD ASK THIS COURT TO BEAR IN MIND THREE IMPORTANT FACTORS IN ITS BID TO DENY RELIEF: i) RIEMER IS A LAYMAN OF THE LAW, ii) THE TDCJ LAW LIBRARY IS INCOMPLETE WITH LITERALLY THOUSANDS OF LAW BOOKS WHICH OMIT THE REFERENCES RIEMER NEEDS, AND iii) HE IS INDIGENT, THEREFORE UNABLE TO AFFORD AN INVESTIGATOR TO SEEK OUT EVIDENCE.

THE STATE CHOSE TO AXIOMATICALLY ARGUE THE CLAIMS AS APPOSED TO ORDERING TRIAL COUNSEL TO PROVIDE AN AFFIDAVIT TO ACCOUNT FOR HIS ACTIONS/INACTIONS. THE STATE'S ACTIONS IN THIS MATER CAN BE VIEWED AND ARGUED THAT DUE TO RIEMER'S FINANCIAL DISPOSITION HARDSHIPS HE IS DENIED EQUAL JUSTICE/ PROTECTION OF LAW.

THE STATE HAS FAILED TO RECOGNICE THE RAMIFICATIONS OF COUNSEL'S ERRORS AND IN DOING SO HAS CONVOLUTED RIEMER'S CLAIMS WITH "NO EVIDENCE" AND ADEQUATE ADVOCACY.

1.

INEFFECTIVE ASSISTANCE IS JUST THAT, TEXAS CASES OR OTHERS. IN THIS MATTER RIEMER SUPPLIES THE RECORD WHICH THROUGHLY DEMONSTRATES RIEMER'S CLAIMS THAT TRIAL COUNSEL'S ACTIONS WERE IN FACT EREGIOUS AND CAUSED HARM — BOTH PRONGS OF THE STRICKLAND REQUIREMENTS.

AN EXAMPLE TO THIS, SEE STATE'S ANSWER EXHBIT B, P. 28, L. 3-5. GRANTING THAT THERE IS TRUTH TO THE SANE WITNESS' STATEMENT, THE VALID ARGUMENT, WHICH WAS BY PASSED BY COUNSEL, IS — BIT IT ONCE, NO SCAR, MAYBE TWICE, HOWEVER, BITE IT 200 TIMES OVER SIX PLUS YEARS — IT [WILL] SCAR AND SCAR BADLEY — PERIOD; ALSO P. 29. L. 17-19.

NO REASONABLE EXCUSE CAN BE MADE FOR COUNSEL'S LACK OF QUESTIONING THE SANE WITNESS "FANTASTICAL" TESTIMONY OR COUNSEL'S LACK OF WHAT THE STATE REFERS TO AS "TRIAL STRAATEGY" WHICH WAS "GRAB-BAG" AT BEST.

THE STATE WILL HAVE THIS COURT BELIEVE THAT ITS ENTIRELY POSSIBLE THAT IT'S SANE WITNESS WAS TRUTHFUL WHEN SHE STATED SHE WAS EXPERIENCED WITH 18+ YEARS IN THAT CAPACITY WITH HAVING [N]EVER SEEN A SCARRED HYMEN, AND THAT THIS LIE AND COUNSEL'S FAILURE TO IMPEACH THIS LIE WAS NOT PREJUDICIAL.

RIEMER ASSERTS THAT HIS CLAIMS HAVE MERIT AND ANY REASONABLE MIND, ONE NOT STEEPED IN THE CULTURE OF "DENY AT ALL COSTS" WILL SEE THE ERROR, ITS OVERALL TOTAL PREJUDICE AND THUS REFUTE THE STATE'S ASSERTIONS AS NOT VIABLE.

PETITIONER PRAYS THIS HONORABLE COURT WILL SEE THROUGH THE STATE'S ANSWER AS A PRO FORMA DENIAL AND GRANT THE REQUESTED RELIEF HE DESERVES.

2.

I, JAMES B. RIEMER SWEAR UNDER PENALTY OF PERJURY THAT ALL OF THE FACTS HEREIN ARE TRUE AND CORRECT. AS WELL, A COPY OF THIS REJOINDER HAS BEEN SUBMITTED TO THE TRIAL COURT ON THIS DATE, MARCH 18, 2015.

SIGNED THIS 18, DAY OF MARCH 2015.

RESPECTFULLY SUBMITTED,

*James B. Riemer*

JAMES B. RIEMER/1854097
9601 Spur 591
AMARILLO, TEXAS 79107

3.